Filed 8/14/14  P. v. Pruitt CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E060666 |
| v. | (Super.Ct.No. FSB1203571) |
| LANCE PRUITT, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Annemarie G. Pace, Judge.  Affirmed.

Cynthia Grimm, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant Lance Pruitt was charged by amended information with unlawful driving or taking of a vehicle.  (Veh. Code, § 10851, subd. (a), count 1.)  The information also alleged that he had served seven prior prison terms (Pen. Code, § 667.5,

subd. (b)).  Pursuant to a plea agreement, defendant pled guilty to count 1 and admitted the prior prison allegations.  A trial court placed him on probation for five years under specified conditions.  The court released him on August 12, 2013, and specifically informed him of the condition that he report to the probation officer by August 14, 2013, and every 14 days thereafter or as directed.  The court subsequently found that defendant violated his probation.  It sentenced him to state prison for a total term of 10 years.

Defendant filed a timely notice of appeal.  We affirm.

## PROCEDURAL BACKGROUND

On November 18, 2013, the probation officer filed a petition for revocation of probation, alleging that defendant violated the conditions that he report to the probation officer immediately upon release from custody and every 14 days thereafter or as directed, and that he not leave the state of California without first obtaining written permission by the probation officer.

A probation violation hearing was held on January 10, 2014.  Defendant's probation officer testified at the hearing that defendant went to the probation office on August 14, 2013, filled out some paperwork, and then left without speaking to any probation officer.  The address he provided on the paperwork was in Las Vegas, Nevada.  There were no records that defendant ever contacted the probation department after his initial reporting date.

Defendant was on parole at the time of the current offense, and his parole officer testified at the hearing as well.  She was assigned to supervise defendant in 2012, and she

2

testified that defendant never reported to her after he was released from custody in the current case on August 12, 2013.

Defendant testified on his own behalf at the hearing. He confirmed that he went to the probation office as directed, and he provided the address in Las Vegas in his paperwork. He said he did not move to Las Vegas, but he wanted to get his case transferred there. He said he was currently living in the streets, but he never advised probation of that. Defendant confirmed that he had previously been on parole seven times in his life, and he knew he was required to report to parole. He also testified that he had previously been on probation once or twice. Regarding his current case, defendant confirmed that he went over the terms of his probation and signed the document accepting them, but said he did not understand all the terms.

The court found that defendant was clearly in violation of his probation, noting that he was well-experienced with the system, whether parole or probation. The court then stated that there were factors justifying the aggravated term, but no mitigating factors. It then sentenced defendant to three years on count 1, plus seven years on the prison priors.

DISCUSSION

Defendant appealed and, upon his request, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case and two potential arguable issues: (1) whether defendant violated his probation;

and (2) whether the court abused its discretion in rendering judgment. Counsel has also requested this court to undertake a review of the entire record.

We offered defendant an opportunity to file a personal supplemental brief, which he has not done.

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have conducted an independent review of the record and find no arguable issues.

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

HOLLENHORST
Acting P. J.

We concur:

RICHLI
J.

MILLER
J.

4